## COIRA *v.* ORTIZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 783.—Resuelto en abril 3, 1912.

DESAHUCIO EN PRECARIO—ALEGACIONES ESENCIALES DE 'LA DEMANDA.—Todo lo que es necesario alegar en una demanda de desahucio en precario es, que el demandante es el dueño de determinada finca, o usufructuario, o con derecho a disfrutarla, o que es causahabiente de tales personas y que el demandado detenta su posesión material o la disfruta precariamente sin pagar canon o merced alguna.

ID.—DESCRIPCIÓN SUFICIENTE DE LA FINCA—PUNTOS CARDINALES.—Habiéndose descrito una finca expresando su cabida, el barrio, término municipal en que radica, expresándose en ella quiénes son los colindantes, cuáles son los límites naturales que la separan de las otras fincas que la circundan, consigna la demanda cuánto es preciso para identificarla, aunque la descripción no está hecha por los puntos cardinales.

ID.—ALEGACIÓN DE LA PROPIEDAD—TÍTULO DE ADQUISICIÓN.—En una demanda de desahucio es bastante alegar la propiedad de la cosa diciendo que el demandante es el propietario, sin que sea necesario que especifique la manera cómo adquirió, qué clase de título tiene, ni si lo ha inscrito, pues todo esto es materia para ser probada, y no debe ser consignada en las alegaciones.

ID.—EXCEPCIONES PREVIAS—DEMANDA AMBIGUA Y DUDOSA.—No es dudosa ni ambigua la demanda en el caso de autos por el hecho de que después de haberse alegado terminantemente que el demandante es el dueño, diga luego que está titulado a su posesión, por ser éstas, palabras que holgaban en la alegación, pero que de todos modos no contradicen la anterior, porque si es el propietario de la cosa, tiene título para la posesión que reclama.

ID.—ACUMULACIÓN DE ACCIONES—RETRACTO LEGAL—DISCRECIÓN DEL TRIBUNAL.—Una orden concediendo o negando una acumulación de acciones, descansa en la sana discreción de la corte por cuyo motivo este tribunal no la alterará a menos que se demuestre un palpable abuso de su poder discrecional. La acción de desahucio no puede ser acumulada a un pleito sobre retracto legal, porque son distintas acciones y tienen distintos procedimientos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Ramón Nadal Santa Coloma.*

Abogado del apelado: *Sr. Félix Santoni.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Don Francisco Coira presentó en la Corte de Distrito del Distrito Judicial de Arecibo, una demanda de desahucio contra José del Carmen Ortiz y otros alegando ser *dueño y propietario* de dos fincas, las que describió; expresó que está titulado a la posesión de esas fincas, y después de afirmar que los demandados detentan su posesión material, sin título para ello, sin su consentimiento y contra su voluntad, y que las disfrutan en precario, sin pagar canon o merced alguno a su dueño el demandante, concluyó suplicando que los demandados fueran lanzados de las fincas reseñadas.

Los demandados excepcionaron la demanda, siendo desestimada esa alegación y también su moción para que el pleito de desahucio se acumulara a otro juicio sobre retracto legal, después de lo cual se celebró el juicio en el que solo se practicó la prueba del demandante, pues los demandados renunciaron a las suyas, y la corte dictó sentencia declarando

con lugar el desahucio y ordenando el lanzamiento de los demandados.

Los motivos en que los demandados y apelantes apoyan su recurso son únicamente dos, a saber: por qué fué desestimada la excepción previa, y por qué se negó la acumulación que solicitaron.

La excepción previa tenía como fundamento el que la demanda no aducía hechos bastantes que determinasen una causa de acción, y además, que era ambigua y dudosa.

Basta leer la demanda para comprender.que aduce·hechos suficientes para una causa de acción.

Todo lo que es necesario alegar en una demanda de desahucio en precario es, que el demandante es el dueño de determinada finca, o usufructuario o con derecho a disfrutarla, o que es causahabiente de tales personas, y que el demandado detenta su posesión material o la disfruta precariamente sin pagar canon o merced alguna. Secciones 1ª. y 2ª. de la ley estableciendo el procedimiento para el desahucio.

Desde luego.que para hacer determinada la finca, es preciso describirla en la demanda con la precisión necesaria para que, en caso de ejecución, pueda indentificarla un agente judicial, requisito que exige el artículo 125 del Código de Enjuiciamiento Civil, y con el que debe cumplirse; sin que los preceptos de la Ley Hipotecaria que establecen la manera de describir las fincas en los documentos sujetos a inscripción tengan aplicación alguna a la manera como las fincas deben ser descritas en la demanda, porque dicho Código, y no ésta ley, es el que regula la manera de alegar.

Habiéndose descrito una de las fincas expresando su cabida, el barrio y término municipal en que radica, expresándose en ella quiénes son los colindantes y cuáles son los límites naturales que la separan de las otras fincas que la circundan, consignó la demanda cuanto es preciso para identificarla, aunque la descripción no esté hecha por los puntos cardinales.

En cuanto a la manera cómo debe alegarse la propiedad, basta hacerlo como la demanda lo expresa, diciendo que el

demandante es el propietario, sin que sea necesario que especifique la manera cómo adquirió, qué clase de título tiene, ni si lo ha inscrito, pues todo esto es. materia para ser probada, y no debe ser consignada en las alegaciones.

Así, pues, ni la manera en que ha sido·descrita la mencionada finca, ni tampoco el modo de alegar la propiedad de ella hacen insuficiente la demanda. Ni es tampoco dudosa ni ambigua por el hecho de que después de haberse alegado terminantemente que el demandante es el dueño, diga luego que está titulado a su posesión, por ser estas palabras que holgaban en la alegación, pero que de todos modos no contradicen la anterior, porque si es el propietario de la cosa, tiene título para la posesión que reclama.

Réstanos ahora tratar la cuestión referente a la negativa de la corte a acumular el juicio de desahucio a otro seguido en esa misma corte sobre retracto legal.

Hemos de decir que la orden concediendo o negando una acumulación de acciones descansa en la sana discreción de la corte, por cuyo motivo, no la alteraremos a menos que se nos demuestre un palpable abuso de su poder discrecional.

En vista de esta regla, sin otra consideración podríamos decir que no debemos alterar esa orden, ya que no se ha alegado abuso de discreción; pero no obstante, queremos declarar que la acción de desahucio no podía ser acumulada al pleito sobre retracto legal, porque son distintas acciones y tienen distintos procedimientos.

Por estas razones la sentencia recaída debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.