SÁNCHEZ, DEMANDANTE, APELANTE Y APELADO, *v.* HARTZELL
ET AL., DEMANDADOS, APELADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Arecibo
en pleito sobre reivindicación y daños y perjuicios.

No. 1681.—Resuelto en julio 27, 1918.

Acción Reivindicatoria—Jurisdicción.—El demandante no tuvo necesariamente
que acudir a la corte de distrito de los Estados Unidos en y para el distrito
de Puerto Rico para establecer su acción reivindicatoria, porque fuera des-
pojado de su finca a consecuencia de una orden expedida por dicho tribunal.
La corte de jurisdicción general del distrito en que estaban situados los
bienes, en este caso la de distrito de Arecibo, tenía potestad para conocer
del pleito.

Mención en el Registro de la Propiedad.—La circunstancia de haberse hecho
constar en el registro al inscribirse la venta de la finca de que se trata en
este caso a favor de Frau y Cía., que tal venta se había verificado sin per-
juicio de los derechos que pudiera tener la sociedad de abogados Hartzell y
Rodríguez Serra a la mitad de la finca, sin especificar esos derechos, ni si
se referían al dominio o a cualquier otro derecho real, no puede considerarse
como determinante de la existencia jurídica de una mención, dentro del sis-
tema hipotecario vigente en Puerto Rico.

Venta Judicial—Advertencia del Márshal—Embargo Preventivo—Contrato
Privado: Su Fecha.—Habiendo sido la finca previamente embargada por
Frau y Cía., la advertencia del márshal al venderla con respecto a los dere-
chos que pudieran tener Hartzell y Rodríguez Serra a la mitad de la misma,
no pudo destruir por sí sola los derechos adquiridos por Frau y Cía., por
virtud del embargo. Para que Hartzell y Rodríguez Serra hubieran podido
sostener que habían adquirido la finca libre del gravamen, debieron probar,
lo que no hicieron, que la fecha del traspaso de su cliente a ellos era ante-
rior a la del embargo.

Daños y Perjuicios.—Examinadas las pruebas, el tribunal concluyó que la evi-
dencia era suficiente para condenar a los demandados a pagar al demandante
determinada suma por daños y perjuicios.

Los hechos están expresados en la opinión.

Abogados del demandante: *Sres. Henry G. Molina* y *Raf.
Rivera Zayas.*

Abogados de los demandados: *Sres. Charles Hartzell* y
*M. Rodríguez Serra.*

El Juez Asociado Sr. del Toro, emitió la opinión del tri-
bunal.

Se trata de un pleito sobre reivindicación y daños y per-
juicios. El demandante alegó que era dueño en pleno do-
minio de una finca rústica de cien cuerdas radicada en los

términos municipales de Ciales y Manatí; que hallándose
en la quieta posesión de ella desde el 21 de agosto de 1911
en que la adquirió por compra a Cristóbal Frau, fué desa-
lojado de la misma violenta e ilegalmente en enero de 1913
a instancias de los demandados, quienes entraron en la pose-
sión de la finca y se mantienen en ella; que mientras el
demandante estuvo en el disfrute de su propiedad la cultivó
sembrando alrededor de quince cuerdas de tabaco y otras
más de plátanos y frutos menores, y que sufrió daños y per-
juicios por valor de mil pesos. Tales son, en resumen, las
alegaciones del demandante.

Los demandados alegaron excepciones previas que fueron
finalmente desestimadas y contestaron negando los hechos
de la demanda y alegando como materia nueva, en resumen,
que por virtud de cierto pleito seguido en la Corte Federal,
Enrique Pousa Parés llegó a ser dueño de la finca de que se
trata y cedió a los demandados sus abogados un condominio
de la mitad de la misma; que trataron de tomar posesión
de su condominio y encontrando serios obstáculos obtuvieron
el 5 de septiembre de 1912 de la Corte Federal una orden
de posesión dirigida al márshal, que fué cumplimentada en
2 de enero de 1913; que la finca fué objeto de un embargo y
luego de una venta judicial practicada por la Corte Muni-
cipal de Manatí y que al verificarse dicha venta los compra-
dores fueron informados de los derechos de los demandados,
habiéndose inscrito su título con tal advertencia en el regis-
tro de la propiedad. Y los demandados alegan además que
la Corte de Distrito de Arecibo no tiene jurisdicción por
tratarse de un asunto ventilado y que debía continuar venti-
lándose en la Corte Federal.

Trabada así la contienda, la corte de distrito declaró con
lugar la demanda en cuanto a la reivindicación y sin lugar
en cuanto a la reclamación de daños y perjuicios. Ambas
partes apelaron entonces para ante este tribunal.

La cuestión de jurisdicción planteada carece de importancia. Como sostiene el juez de distrito, la acción reivindicatoria establecida por una persona que no fué parte en el pleito iniciado y terminado en la Corte Federal, no está sujeta a la jurisdicción de dicha corte porque el despojo se haya cometido usándose de una orden de la misma. El dueño desposeído acudió propiamente en demanda de justicia a la corte de jurisdicción general del lugar en que están situados sus bienes.

Examinadas las pruebas no hay duda alguna con respecto a la identidad de la finca y al título de dominio que tiene sobre ella el demandante. El demandante la adquirió por compra el 21 de agosto de 1911 a Cristóbal Frau y su título quedó inscrito en el registro desde el 12 de septiembre de 1911; Frau a su vez la había adquirido por compra a Ramón Castillo el 11 de marzo de 1911; Castillo por compra a Francisco Sánchez Gines, el 3 de septiembre de 1910; Gines por compra a Ramón Castillo el 23 de julio de 1909; Castillo por compra a la sociedad Frau y Cía., y Frau y Cía. por último, por compra en pública subasta el 20 de febrero de 1907, en pleito seguido contra Enrique Pousa Parés, de quien alegan que traen causa también los demandados. Todas las anteriores transferencias constan inscritas en el registro de la propiedad.

Fué cuando la venta a Frau y Cía. que el márshal hizo la advertencia alegada por los demandados en su contestación. Pero es lo cierto que la finca había sido ya previamente embargada a las resultas del pleito en que fué finalmente vendida, seguido contra el cliente de los demandados, y éstos no pudieron obtener de su cliente más de lo que su cliente tenía. El peso de la prueba para demostrar que se había hecho a los demandados la cesión con anterioridad al 30 de noviembre de 1906, fecha del embargo, correspondía a los demandados, y ellos no lo hicieron así. Ellos demostraron que tenían a su nombre cierta cesión privada héchales por su cliente ins-

crita en los libros de la Corte Federal desde el 31 de diciembre de 1906 en cuanto a la mitad de la finca habiendo adquirido su cliente la finca entera por virtud de la sentencia que obtuvo a su favor en la dicha Corte Federal. La cesión era de fecha agosto 1, 1906, pero los demandados estaban obligados a probar la fecha en que en realidad de verdad se otorgó la cesión y no limitarse a confiar en la fecha mencionada en el documento. Véase el artículo 1195 del Código Civil.

En cuanto a la circunstancia de haberse hecho constar en el registro desde la inscripción a favor de Frau y Cía. que la venta se hacía sin perjuicio de los derechos que pudieran tener Hartzell y Rodríguez Serra a la mitad de la finca, sin determinar esos derechos, ni si se referían al dominio o a cualquier otro derecho real, es bien claro que no puede considerarse como determinante de la existencia jurídica de una mención, como sostiene en su opinión la corte de distrito. Si es que en realidad los demandados tenían algún derecho, es lo cierto que nunca trataron de inscribirlo de modo específico, como requiere la ley, en el registro. No es necesario discutir el caso de *Jordán* v. *Gómez,* 18 D. P. R. 151.

La sentencia, pues, en cuanto declaró con lugar la reivindicación, debe confirmarse. Examinemos la cuestión de frutos.

Sostiene la corte sentenciadora en su opinión que la prueba en cuanto a ese extremo es deficiente y confusa. Sin embargo la hemos examinado y aunque convenimos en que pudo ser en efecto más precisa, esto no obstante hay en ella elementos que permiten fijar una cantidad mínima que sin temor a dudas pueda considerarse como perjuicios realmente sufridos por el demandante a virtud de los actos de los demandados.

El testigo Lorenzo Casanovas declaró que el demandante tenía a la fecha del desalojo de diez a doce cuerdas sembradas de tabaco que podían valer de ochenta a noventa pesos cada

una; que tenía sembrados además plátanos, guineos y habichuelas, y que la finca podría producir'en limpio, de quinientos a seiscientos pesos anuales.  Otro testigo, Eulogio Perales, asegura que cuando el demandante fué echado de la finca tenía sembrados frutos menores y como de nueve a diez cuerdas de tabaco.  Y declarando el propio demandante como testigo expresó que en efecto tenía doce o trece cuerdas de tabaco que valían ochenta pesos cada una, que seis eran de él y en el resto, cultivado por sus agregados, le correspondía la mitad, y que los frutos menores valdrían de doscientos a trescientos pesos.  Que la finca producía en limpio de cuatrocientos a quinientos pesos anuales.

Esa prueba quedó en pie.  Por. virtud de los actos de los demandados el demandante ha sido privado por años de la posesión de una finca que legítimamente le pertenece.  En esa finca tenía cultivos al tiempo del despojo, cultivos que no pudo recoger.  Sin hacer cálculos sobre lo que la finca pudo producir, limitándonos a lo perdido en las siembras, y de esto tomando una cantidad que esté necesariamente comprendida dentro de la prueba, creemos que lo menos que la justicia requiere que se ordene reintegrar por los demanddados al demandante es la suma de quinientos pesos.

En consecuencia de lo expuesto debe revocarse la sentencia apelada en cuanto a su pronunciamiento sobre frutos, sustituyéndose el pronunciamiento revocado por otro que conceda una indemnización por la suma indicada.

> *Confirmada la sentencia apelada en cuanto a*
> *la reivindicación y revocada en cuanto al*
> *pronunciamiento sobre frutos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó conforme con la sentencia con excepción de lo que se refiere a daños y perjuicios.