## LEBRÓN, DEMANDANTE Y APELADA, *v.* LEBRÓN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre daños y perjuicios.

No. 2578.—Resuelto en mayo 24, 1923.

REPREGUNTAS—DISCRECIÓN JUDICIAL.—En el período de repreguntas las cortes son liberales en el ejercicio de la sana discreción que tienen al efecto.

EVIDENCIA—OBJECIONES A LA EVIDENCIA.—La regla de que la objeción a la evidencia debe ser formulada claramente es de aplicación cuando la prueba se admite no obstante la objeción, pero no cuando ha sido excluída. Cuando se excluye prueba lo único a investigar es si existió alguna verdadera razón para excluirla.

ID.—EDAD—PRESUNCIÓN DISPUTABLE.—Cuando está en *issue* la edad de una persona, la certificación del registro civil no es concluyente, pero cuando una repregunta se limita a investigar la legitimidad de la certificación admitida sin objeción, y el que repregunta no indica en forma alguna a la corte que intenta investigar la certeza del contenido de la misma, no existe base para decidir en apelación que la corte abusó de su discreción al sostener la objeción a una repregunta que parecía tendente a atacar solamente la legalidad de la certificación.

DAÑOS Y PERJUICIOS POR VIOLACIÓN—PRUEBA INADMISIBLE.—En un caso de daños y perjuicios por seducción, considerado por las partes y juzgado como de violación por ser la perjudicada menor de catorce años, es inadmisible la prueba de que la demandante realizó actos carnales con otros hombres.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. L. Pereyó y A. Aponte, Jr.*

Abogado de la apelada: *Sr. F. González.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Si bien las alegaciones específicas de la demanda en este caso fueron que el demandado sedujo a la menor demandante bajo promesa de matrimonio, el caso, sin embargo, fué juzgado y considerado por las partes como uno de violación, no teniendo la demandante edad para consentir al ocurrir los supuestos actos ilegales. Esta acción fué iniciada en 28 de noviembre de 1919. El día 19 de ese mes y año, Dionisia Lebrón compareció en el registro civil e inscribió el nacimiento de su hija Luisa Lebrón, constando de la inscripción que dicha hija nació el día 5 de abril de 1905. Los alegados actos car-

nales tuvieron lugar en el año 1917 y posteriormente, comenzando éstos cuando la demandante, dicha Luisa Lebrón, tenía poco más de once años de edad. Satisfecha la Corte de Distrito de Humacao con la prueba de la demandante, dictó sentencia a su favor. Como este fué un caso con motivo de una supuesta violación de una menor que no tenía edad para consentir, era necesariamente importante determinar la fecha exacta en que nació la hija demandante.

En el examen de repreguntas de Dionisia Lebrón, la madre, la corte eliminó la contestación a una pregunta y esta resolución se señala como error. Ambas partes convienen en que, en las repreguntas, la corte debe ser liberal, y esta es, por supuesto, la ley, estando toda la cuestión en gran parte dentro de la sana discreción de la corte. La madre declaró que su hija tenía once años de edad cuando fué seducida y que sabía que la hija tenía esa edad por la partida de bautismo. El demandado entonces preguntó a la testigo: ''¿por qué usted inscribió en el registro civil a su hija hace un año?'' La demandante se opuso por ser inmaterial la pregunta, fundándose en que la certificación del registro había sido presentada y admitida. Fué presentada sin objección. El demandado contestó que tenía derecho a investigar este hecho, porque ésta era la madre de la demandante y ella no había cumplido con la ley del registro. La corte sostuvo la objeción.

La apelada expresa que una objeción debe ser formulada claramente, pero esta regla sólo es de aplicación cuando la prueba se admite no obstante la objeción y no cuando ha sido excluída. Cuando se excluye prueba lo único a investigar es si existió alguna verdadera razón para su exclusión. Además, la cuestión real es si la corte incurrió en error al no permitir hacer una investigación en cuanto a la legitimidad de la certificación.

Según todas las apariencias, la apelada sostiene que una vez admitida la prueba del registro civil de un nacimiento, ésta es prueba concluyente de la edad de la persona que se

inscribe y que para destruir esta prueba debe hacerse algún ataque directo a la certificación del registro, pero tanto las autoridades españolas como americanas muestran que cuando la cuestión que ha de investigarse es la verdadera edad, la demandante sólo establece un caso *prima facie* por el hecho de acreditar una inscripción en el registro civil. *Assise* v. *Curet,* 22 D. P. R. 555, en el que se cita el artículo 320 del Código Civil. El artículo 107 de la Ley de Evidencia prescribe: "Ninguna evidencia será considerada como concluyente o incontestable, a no estar así declarada por esta ley." Aquí la inscripción se hizo casi en la misma fecha de la radicación de la demanda y por tanto es, hasta cierto punto, sospechosa aun cuando la presunción de honradez aun prevalece. Incumbía, por supuesto, al demandado demostrar que la fecha que acusaba el registro civil estaba equivocada o era fraudulenta.

Nos dice la apelada, y no se insiste mucho en esta cuestión por el apelante, que no obstante la primitiva falta de la madre en no inscribir la fecha del nacimiento dentro de los cuarenta días subsiguientes, la madre finalmente había cumplido con la ley o con el privilegio que tenía por virtud de dicha ley, con sujeción únicamente a la imposición de una multa por su abandono original. De modo que la posición que asume la apelada de que una investigación de la legalidad era inmaterial, estuvo bien fundada.

El apelante sostiene desde otro punto de vista y habría fuerza en su argumentación, si los hechos y su posición con respecto a los mismos hubieran sido algo diferentes en la corte inferior. Trata él de la importancia de conocer la edad de la hija y que debió habérsele permitido hacer esa investigación en la forma presentada, toda vez que era muy dudoso si la referida hija no tenía más edad que la que representaba al tiempo del alegado acto carnal. Si el abogado del demandado en la corte inferior, que no fué el abogado que sostuvo el caso en apelación, hubiera expresado el deseo de

investigar sobre la edad verdadera de la demandante, o someter a prueba la credibilidad de la testigo, posible o probablemente que se le hubiera permitido continuar la investigación aun en la forma comenzada. El ataque, sin embargo, parecía ser exclusivamente sobre la legalidad de la certificación ya admitida sin objeción y no acerca de la certeza de su contenido, o con respecto a la veracidad de la testigo. El demandado mismo, según todas las apariencias, sólo trataba de impugnar la certificación del registro civil. El abogado del demandado en la corte inferior, aceptó también aparentemente la teoría de que el único medio de atacar la certificación era tratando de demostrar que fué ilegal. Los autos muestran que el apelante conocía perfectamente la necesidad de tener que probar que la demandante había pasado de la edad de consentir.

Como hemos indicado, la amplitud en el interrogatorio de repreguntas debe ser grande y una limitación fácilmente puede convertirse en un abuso de discreción, pero cuando el mismo que repregunta limita el alcance de sus preguntas a la investigación de la legitimidad de un documento que ya ha sido legalmente admitido y no indica en ninguna forma a la corte que se propone investigar cualquier otra cuestión, no estamos preparados para decir que la corte cometió abuso de discreción.

La corte también excluyó prueba referente a las relaciones de la demandante con otros hombres. Como el caso fué juzgado por virtud de la teoría de la violación de una menor que no tenía edad para consentir, la propuesta investigación era inmaterial.

En el juicio la demandante prestó declaración razonablemente robusta tendente a probar la violación, así como una promesa de matrimonió. Se permitió a la madre, sin hacerse objeción, declarar por referencia sobre el hecho real de la violación por el demandado, y otro testigo habló de una admisión semejante hecha por el demandado. También se

presentó un caso *prima facie* en cuanto a la edad de la demandante.

El demandado prestó declaración tendente a negar la violación. Otro testigo prestó declaración directa y personal al efecto de que la demandante tenía más edad de la que representaba. También un doctor fué testigo pericial. El había examinado la dentadura de la demandante y fué de opinión de que ella tenía 19 años en la fecha del juicio. Esta prueba, de ser cierta, hubiera colocado a la demandante sobre la edad de consentir en la fecha de los alegados actos carnales. Este es un caso de conflicto en la prueba y aunque fácilmente podemos imaginarnos casos más fuertes, la corte pudo juzgar y ciertamente juzgó la edad de la demandante que tenía ante sí, de la verdad de la corroboración, de la veracidad de la demandante o el demandado, y no encontramos ningún elemento indebido en la apreciación de la prueba.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.