IGNACIO, BRUNA, JULIA, ANDRÉS, TOMÁS Y URSULA BURGOS Y RIVERA, demandantes y apelados, *v.* PETRONA MEDINA, ISAAC RIVERA, FRANCISCA ESPINOSA, CONSORCIA VÁZQUEZ Y JOVA ORTIZ, demandados y apelantes.

No. 3610.—*Visto:* Noviembre 10, 1925.   *Resuelto:* Junio 2, 1926.

1. REIVINDICACIÓN—ALEGACIONES Y EVIDENCIA—DEMANDA—ESPECIFICACIÓN DE LA PROPIEDAD.—Ejercitada. acción reivindicatoria contra varios demandados, a falta de indicación alguna de que 'cualquiera, o un número de ellos, estaba en posesión de o poseía alguna parte de la finca de que se trata, no es necesario identificar en la demanda cada una de las parcelas en posesión de los respectivos demandados.

2. MATRIMONIOS—PRUEBA DE LOS MISMOS—CERTIFICADOS DE MATRIMONIO—REGISTROS PARROQUIALES ANTES DEL 1885.—Una certificación de un matrimonio

celebrado antes del 1885 expedido por el guardador legal de los libros·parroquiales es suficiente en evidencia, sin que sea necesario para ello autenticar la firma de la persona que autorizó el documento.

3. APELACIÓN Y ERROR — REVISIÓN — ERRORES NO PERJUDICIALES — ADMISIÓN DE PRUEBA OBJETADA—PRUEBA ORAL DEL ESTADO CIVIL DE LAS PARTES.—La preferencia establecida por el·artículo 320 del Código Civil no·es incompatible ·con el artículo 35 de la Ley de Evidencia, y cuando no existe razón por la cual la regla prescrita en el primero no deba ser cumplida, la admisión de prueba testifical para probar el estado civil de unas partes en el pleito constituye error perjudicial.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda, con costas. *Revocada y devuelto el caso.*

*González Fagundo· & González, Jr.,* abogados de los apelantes; *Arturo Aponte, Jr.,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La relación del caso y opinión del juez sentenciador es como sigue:

"Allá por el año de 1878, Victoriano de la Cruz, vendió a Francisco Rivera una finca rústica de 26 cuerdas en el barrio Aguacate, de Yabucoa, que se describe en la demanda, habiendo tomado posesión de la misma como dueño, pero sin que le hubiese otorgado la correspondiente escritura. Francisco Rivera falleció y Victoriano de la Cruz trasmitió directamente a su sucesión el título de la referida propiedad, mediante escritura otorgada el 29 de marzo de 1879. La sucesión de Francisco Rivera la constituían, según aparece de la propia escritura, sus hijos nombrados José y María Rivera Martínez y la nieta María Rivera del Toro, hija de Tomás Rivera, también fallecido, y de Marcelina del Toro. La escritura fué otorgada a José Rivera Martínez, soltero, de 30 años de edad y vecino de Yabucoa, como representante de la sucesión, que aseguró estar encargado para ese acto. María Rivera Martínez contrajo matrimonio en Humacao el día 27 de diciembre de 1876 con Tomás Burgos y Vega, y falleció el 23 de junio de 1898, dejando a su fallecimiento los hijos que se mencionan en la demanda, nombrados Ignacio, conocido por Rosendo, Bruna, conocida por Tula, Julia, Andrés, Tomás y Ursula Burgos y Rivera, y al cónyuge viudo Tomás Burgos y Vega. José Rivera Martínez murió también antes de San Ciriaco (año 1899), en estado de soltería, y dejando como · herederos a sus sobrinos antes mencionados. María Rivera del Toro asimismo hace unos cuatro años, habiendo antes vendido derechos y acciones en la referida finca a los demandantes.

"La escritura de venta otorgada por Victoriano de la Cruz a la Sucesión de Francisco Rivera, aparece inscrita en el Registro de la Propiedad de Humacao, al tomo 32, de Yabucoa, Finca No. 1407, inscripción 1ª, de fecha 3 de febrero de 1915, con el defecto subsanable de no expresarse las colindancias de la finca por sus puntos cardinales. En dicha escritura se expresa la cabida, barrio y término en que radica la finca, y a ella se acompañó, una certificación de mensura practicada por el geómetra titular Manuel Disdier, el 12 de Noviembre de 1878, donde aparecen las colindancias, puntos y linderos. La descripción es suficiente. *Coira* v. *Ortiz et al.,* 18 D.P.R. 213.

"La demanda en este caso se dirige contra Petrona Medina, Isaac Rivera, Francisca Espinosa, Consorcia Vázquez y Jova Ortiz y se alega que sin título ni derecho alguno están detentando y poseyendo la referida finca y se niegan a entregarla a los demandantes. La finca tiene un valor de $700.00.

"La prueba ha demostrado que José Rivera Martínez, quien recibió en 29 de marzo de 1879, la escritura de venta como representante de la sucesión de Francisco Rivera y por encargo de ésta, entró en posesión de la finca, estando también en ella su hermana María Rivera Martínez y su sobrina María Rivera del Toro. José Rivera Martínez, vivía en concubinato con Petrona Medina, una de las demandadas. Los demandantes hijos de María Rivera Martínez ocupan una pequeña parte de la finca.

"Ha quedado justificado que los demandantes son hijos de María Rivera Martínez y sobrinos de José Rivera Martínez siendo los únicos herederos de ambos y el hecho de que la firma del Presbítero que autoriza la partida del matrimonio de María Rivera Martínez con Tomás Burgos no se haya autenticado en debida forma y que no se hayan presentado las certificaciones de nacimiento de los demandantes, y de la defunción de José Rivera Martínez y María Rivera del Toro, no es de gran importancia para la resolución de este caso en que el carácter de herederos de los demandantes ha sido demostrado por medio de testigos. *Soriano et al.* v. *Rexach et al.,* 23 D.P.R. 573.

"Entendemos, por el resultado de la prueba, que los demandantes han demostrado las alegaciones de su demanda, esto es, que son los legítimos dueños de la finca en cuestión, que ésta y no otra es la que les pertenece y que ella se encuentra indebidamente en poder de los demandados, y que los demandados no han justificado, como alegan en su contestación, que las tierras que poseen de la ameritada finca, lo sean de buena fe y justo título, no habiendo transcurrido

30 años de sus respectivas adquisiciones o posesión, de manera que la acción pudiera estar prescrita.

"En la demanda también se reclaman $1,000.00 por frutos dejados de percibir, pero éstos no se han establecido. *Sánchez* v. *Hartzell, et al.,* 26 D.P.R. 687."

[1] La primera cuestión que ha sido levantada en la corte inferior y en la cual se insiste en el alegato de los apelantes afecta a la suficiencia de la demanda, la que, dice el abogado, debió haber identificado cada una de las varias parcelas de las que están en posesión los respectivos demandados.

En la demanda se describe la finca que tratan de reivindicar los demandantes, como sigue:

"RÚSTICA: Predio compuesto de 26 cuerdas de terreno, en el barrio del Aguacate, del término municipal de Yabucoa, en lindes, por el Norte, con Rosendo Burgos, hoy Concepción Vázquez; por el Sur, con la carretera que de Humacao conduce a Yabucoa; por el Este, con Nicolás Rodríguez; y por el Oeste, con Francisco Rivera y Manuel Perno, hoy Jesús Rivera y Aurelio Vargas."

La alegación séptima de la demanda dice:

"SÉPTIMO: Que los demandados Petrona Medina, Isaac Rivera, Francisca Espinosa, Consorcia Vázquez y Jova Ortiz, sin título ni derecho alguno están detentando y poseyendo la descrita finca y se niegan a entregarla a los demandantes."

A falta de alguna indicación de que cualquiera de los demandados, o un número menor del conjunto formado por todos los demandados estaba en posesión de alguna parte específica de la finca, no podemos ver, y las autoridades citadas por los apelantes no revelan, ninguna base muy sólida para la contención.

[2] La segunda proposición es la siguiente:

"La certificación expedida por el Sacerdote de la Iglesia Católica Apostólica y Romana de la defunción, matrimonio o nacimiento de una persona ocurrido antes del año 1885, viene a probar el acto a que dicha certificación se refiere, pero como hoy la Iglesia Católica Apostólica Romana es una corporación privada, es necesario auten-

ticar y justificar de algún modo fehaciente la firma de la persona que autoriza la certificación, pues no hay ningún precepto legal que autorice a un Juez para tomar conocimiento judicial de la firma de un sacerdote.''

Durante el juicio ocurrió el siguiente incidente:

''Licdo. Aponte.—Señor Juez, presentamos la certificación de matrimonio, expedida por Juan José Lebrón Tórres, cura y vicario de la Iglesia Parroquial de Humacao, partida de matrimonio de Tomás Burgos con María Rivera.

''Licdo. González.—Hon. Juez, este es un papel que se presenta aquí suscrito por el señor Juan José Lebrón, pero esto no está autenticado.

''Licdo. Aponte.—Si este fuera un documento con relación a haber sido realizado este matrimonio, como si se tratara de un acta bautismal, después del ochenta y cinco, fecha en que empezó a regir el Registro Civil en Puerto Rico, entonces estaba bien que se opusiera la parte contraria por ese motivo; pero V. H. no podrá tener eso en consideración cuando este matrimonio se llevó a efecto en el mil ochocientos setenta y seis; y como quiera que el archivo parroquial era antes como quien dice el Registro Civil, antes del ochenta y cinco, y casi se puede decir que igual a la Secretaría de Puerto Rico, es indudable que la Corte toma conocimiento judicial de esto, porque es el archivero encargado de ese archivo parroquial. Si esta certificación fuera posterior al año mil ochocientos ochenta y cinco, entonces podría V. H. no poder tomarla en consideración. Es más, este punto ha sido resuelto por el Tribunal Supremo, y lo que no ha sido resuelto es, si es necesario acreditar de un modo indubitable la firma de este guardador, cuando la Iglesia Católica está reconocida universalmente hasta por el derecho internacional.

''Licdo. González.—Yo no vengo a discutir que los matrimonios anteriores al año ochenta y cinco que fué antes del Registro Civil haya que probarlos con el Registro Parroquial. Un matrimonio celebrado antes del ochenta y cinco se prueba con el acta del sacerdote o ministro que llevó a efecto el matrimonio, estamos conformes con el compañero, porque entonces existía la unión de la iglesia con el estado español, y entonces sus archivos eran iguales a los del juzgado de primera instancia; pero mi contención es que, hoy, que la Iglesia está separada del Estado, y que es una institución privada, para justificar cualquier acto anterior al ochenta y cinco, hay que traer el acta de la Iglesia, pero hay que autenticar la firma de esa persona que autoriza el documento, porque su señoría no toma cono-

cimiento de la firma de un sacerdote de la Iglesia Católica, Apostólica Romana, porque las iglesias no son un archivo del Estado. Es decir, que la contención mía es, que V. H. no sabe quién es Juan José Lebrón.

"Hon. Juez.—La Corte va a admitir el documento, sujeto desde luego al estudio que hará de si podría tomar conocimiento judicial de la firma del sacerdote.

"Licdo. González.—Yo tomo excepción."

El razonamiento admite, al parecer, que los **archivos de** la Iglesia de época anterior al registro civil son "documentos oficiales," y el artículo 69 de la Ley de Evidencia prescribe expresamente que tales documentos podrán probarse mediante el original o "por copia certificada por el guardador legal de aquél." Para los fines de esta opinión puede admitirse que el cura de la parroquia, desde el cambio de soberanía, no es un funcionario público. Pero de ahí no se infiere que él no sea el "guardador legal" de los archivos que con anterioridad al establecimiento del registro civil sirvieron para todos los propósitos y fines prácticos, como tal Registro, y que en esa forma, en una época posterior, continúen sirviendo para el mismo fin. *Montañez* v. *El Registrador,* 34 D.P.R. 777.

[3] Otra proposición es que:

"4º La corte cometió error al permitir que el estado civil de los demandantes y el parentesco de éstos con María Rivera, María Rivera del Toro y José Rivera, se tratara de justificar por medio de prueba testifical."

Aquí parece que se hizo la debida objeción en cada caso. En tanto se trata de los cesionarios individuales **menciona**dos en la escritura de 1879, el error no fué tal vez perjudicial. Pero esto no puede decirse de los demás demandantes que derivan su título por herencia de uno o más de dichos cesionarios.

Generalmente en todos los Estados Unidos los estatutos que autorizan las certificaciones y copias certificadas oficiales se consideran que establecen una excepción a la regla de

prueba de referencia, pero no como que establecen una pre-ferencia. Las excepciones se encuentran únicamente en Louisiana, las Islas Filipinas y Puerto Rico. 2 Wigmore, 1335 y 1336.

El artículo 320 del Código Civil deja poco lugar a inter-pretación en lo que respecta a la cuestión de preferencia. Dicho artículo es como sigue:

> "Las actas del registro serán la prueba del estado civil, la cual sólo podrá ser suplida por otras en el caso de que no hayan existido aquéllas o hubiesen desaparecido los libros del registro, o cuando ante los tribunales se suscite una contienda."

Tal preferencia no es incompatible con el artículo 35 de la Ley de Evidencia citado por los apelantes. El artículo 18 de dicha ley, en el cual también insisten los apelantes, se refiere no tanto al modo de prueba como al número de tes-tigos necesarios para establecer cualquier hecho determi-nado. No es sino una reproducción de la antigua regla cuan-titativa de la ley común con sus dos excepciones históricas.

Ahora no estamos tratando de los méritos relativos de la tradición continental incorporada al artículo 320, *supra,* y del criterio que prevalece en todas partes en los Estados Unidos, de acuerdo con estatutos de origen distinto.

En vista de la conclusión a que hemos llegado sobre la cuestión a que acabamos de referirnos, no es necesario dis-cutir las demás cuestiones levantadas por los apelantes.

Sólo queda por expresar que no queremos significar que nada de lo aquí referido implique que el artículo 320 del Có-digo Civil haya perdido nada de su fuerza original y efecto por virtud de legislación subsiguiente. No hemos pasado por alto las posibilidades sugeridas en los casos de *Cama-cho* v. *Balasquide,* 19 D.P.R. 590, y *Lebrón* v. *Lebrón,* 31 D.P.R. 891.

Claramente que los autores del Código Civil tuvieron en cuenta los asientos hechos inmediatamente de ocurrido el acto inscrito. En cuanto a los asientos así verificados, como en este caso, mucho antes de radicarse la demanda donde

se hace un ofrecimiento de la copia certificada, no parece exista razón por la cual la regla prescrita por el Código Civil no deba ser cumplida.

La cuestión de si debe o nó. ser cumplida estrictamente dicha regla, o hasta revocada en ciertas circunstancias imaginables, o considerada como modificada por legislación subsiguiente en un caso que no está claramente dentro de la razón, política o espíritu del precepto legal, es cuestión que es mejor dejarla para ser resuelta cuando tal caso se presente a nuestra consideración.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con la opinión.*