BLANCA ESTRELLA ROIG, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, recurrida.

*Número:* 607    *Resuelto:* 9 de abril de 1963

*Ramos & Latoni,* abogados del recurrente.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

De acuerdo con la resolución dictada por la Comisión Industrial de Puerto Rico, la recurrente doña Blanca Estrella Roig, patrona asegurada, puso a trabajar al menor de 18 años, Florentino Rivera Martínez, en una finca propiedad de la patrona asegurada, regando yerbicida, cuya tarea le produjo la muerte por envenenamiento. El Administrador del Fondo del Seguro del Estado determinó, que por tratarse de un menor, empleado en contravención a las leyes vigentes al momento de ocurrir la muerte, la patrona asegurada doña Blanca Estrella Roig tenía que pagarle al beneficiario don Florencio Rivera, padre del menor, una suma igual a la que le correspondía pagar al Fondo del Seguro del Estado. No conforme con esa determinación, la patrona asegurada recurrió ante la Comisión Industrial de Puerto Rico.

Durante la vista ante dicha Comisión se produjo prueba a los efectos que el único beneficiario del menor resultaba ser su padre, don Florencio Rivera, un pequeño agricultor con una finca de cinco cuerdas y media, quien declaró, que todo lo que el menor ganaba se lo entregaba a él, a pesar de que él no se lo exigía, porque el padre lo necesitaba. La patrona asegurada trató de establecer, durante el contra-interrogatorio, que el padre no dependía entera o parcial-mente de lo que el menor ganaba, y por lo tanto, ella no venía obligada a pagar compensación alguna. El Administrador, por su parte, alegó que el único derecho que la Ley le reco-nocía a la patrona asegurada era probar que el menor tenía permiso para trabajar expedido por la Secretaría del Tra-bajo, pero la patrona asegurada no podía intervenir en nada relacionado con la compensación determinada por el Admi-nistrador ni con la declaración de beneficiarios o dependientes. La Comisión Industrial sostuvo el criterio del Administrador, y esta revisión se origina en dicha controversia.

La Ley aplicable al caso es el Art. 3 de la Ley Núm. 45 de 18 de abril de 1935, según enmendado por la Ley Núm. 101 de 24 de junio de 1960, que en todo lo relacionado a esta clase de accidentes, dispone: "En caso de obreros menores de diez y ocho (18) años empleados en contravención a las leyes vigentes a la fecha del empleo, que sufrieren lesiones o enfermedades ocupacionales de acuerdo con los términos de esta ley, la compensación que les corresponda en caso de incapacidad, o a sus beneficiarios en casos de muertes, será el doble del importe correspondiente a un obrero de diez y ocho (18) años empleado legalmente; disponiéndose, que el patrono pagará la compensación adicional aquí provista, el montante de la cual constituirá un gravamen (*lien*) sobre toda la propiedad del patrono y se hará efectiva en la forma prevista en esta ley para el cobro de la compensación en casos de patronos no asegurados y disponiéndose también, que el Administrador del Fondo del Seguro del Estado, antes

de proceder al cobro de dicha compensación adicional al patrono, dará traslado del expediente a la Comisión Industrial, para que ésta dé, tanto al patrono como al obrero, oportunidad de ser oídos y defenderse."

En su revisión ante nos, la patrona asegurada señala dos errores: (1) El negarle oportunidad a la patrona de presentar prueba en cuanto a que el beneficiario no dependía total o parcialmente del menor viola la Sec. 7 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico porque la priva de su propiedad sin el debido proceso de ley; (2) La oportunidad de ser oída y defenderse establecida en el Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, según enmendada por la Ley Núm. 101 de 24 de junio de 1960, es sobre todas las cuestiones comprendidas y sin limitación de clase alguna.

Las llamadas "defensas únicas" "únicas causas" parecen haberse originado en el estado de derecho que creó la enmienda al Art. 3 de la Ley Núm. 45 de 18 de abril de 1935, adicionada por la Ley Núm. 162 de 14 de mayo de 1943, que proveía: *"Disponiéndose,* que la doble penalidad a que se refiere esta sección no será aplicable al caso de un patrono que sea inducido a error por la apariencia física del menor o por una declaración jurada hecha con anterioridad al empleo del menor por el padre, la madre, o por el tutor o encargado del menor, en que se haga constar que éste es mayor de edad." En el caso de *Sucn. Lledó* v. *Comisión Industrial,* 65 D.P.R. 430 (Travieso) (1945), cita precisa a las págs. 434–435, se resolvió: "Vemos, pues, que el legislador ha concedido a los beneficiarios de un menor empleado en contravención de la ley, el derecho a recibir doble compensación por la muerte del menor en un accidente del trabajo. Para que pueda quedar exento de esa obligación, el patrono está obligado a probar (1) que la apariencia física del menor le indujo a creer que el menor tenía en realidad la edad fijada por el estatuto; o (2) que fue inducido a ese

mismo error por una declaración hecha bajo juramento por el padre, la madre o el tutor del menor, con anterioridad a su empleo, haciendo constar que el menor tenía la edad requerida para poder trabajar legalmente en la clase de empleo en que fue lesionado o perdió la vida. En el caso de autos, el patrono recurrente basó su alegada exención en *las dos únicas causas* reconocidas por el estatuto."

Como se ha visto, el enmendarse el Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo por la Ley Núm. 101 de 24 de junio de 1960, se eliminó el *disponiéndose* sobre el cual se inspiró nuestra decisión en el caso de *Sucn. Lledó.* Habiendo ocurrido el accidente que motiva este caso el 26 de agosto de 1960, es indudable que está cubierto por la enmienda al Art. 3 de 1960 que empezó a regir el 1ro. de julio de 1960 por disposición expresa del estatuto. Siendo esto así, la decisión del caso de *Sucn. Lledó,* en cuanto a las *únicas defensas* que puede presentar un patrono asegurado en caso de muerte de un obrero menor de edad, no tiene vigencia por haberse enmendado la Ley que le sirvió de fundamento. Igual razonamiento podríamos aplicarle a la decisión de la Comisión Industrial en el caso de *Juan Plaza Alicea* v. *Fondo del Seguro del Estado,* 13 D.C.I. 433 (Janer) (1947) y a nuestra Resolución de fecha 5 de noviembre de 1947 en el recurso 383—*Vicente Zayas Pizarro* v. *Comisión Industrial de Puerto Rico*—en la cual nos negamos a revisar la resolución dictada por la Comisión Industrial en el caso de Juan Plaza Alicea, sobre la cual parece descansar la Comisión Industrial de Puerto Rico en este caso.

En una decisión posterior nuestra: *Juan Bigas, Sucrs.* v. *Comisión Industrial,* 71 D.P.R. 336 (Negrón Fernández) (1950), cita precisa a las págs. 339 y 341 en la cual estaba envuelta una de las llamadas "únicas defensas"—determinar la edad de un incapacitado menor de 18 años, a los efectos de la doble compensación—se resuelve: "Aunque en el ejercicio de sus facultades la Comisión Industrial tiene aquellos

poderes que le confiere expresamente la ley de su creación, tiene también aquellos que son incidentales y necesarios al ejercicio de su jurisdicción y autoridad . . . . Es obvio, pues, que se situó en la Comisión Industrial la facultad—y el deber—de dar tanto al patrono como al obrero 'la oportunidad de ser oídos y defenderse', y la defensa del patrono es que no tiene responsabilidad de pagar la compensación adicional porque el obrero era mayor de 18 años, es la Comisión Industrial la llamada a resolver este extremo de la contienda. Al así hacerlo actúa en su capacidad cuasi judicial. . . ."

En este caso, la controversia se refiere a la falta de dependencia del beneficiario, pero la regla de la adjudicación cuasi judicial debe ser la misma, puesto que obligando la Ley a la patrona asegurada a pagar una indemnización por muerte igual a la que debe satisfacer el Fondo del Seguro del Estado, parte de su patrimonio está afectado por la declaración de dependencia. El sentido recto de justicia que anima al debido proceso de ley exige que a la patrona asegurada se le permita contrainterrogar, en todos sus extremos, los testigos presentados por el Administrador y a presentar ella prueba en contrario.

El hecho que se le reconozca a la patrona asegurada su derecho a esclarecer y a contradecir la prueba de la dependencia, no altera la potestad tutelar de la Comisión Industrial de Puerto Rico de determinar dicha dependencia en la forma usual, tratando siempre de hacerle justicia sustancial al obrero dentro de un criterio más reparador que riguroso. Casualmente, en casos en los cuales no existen distintos dependientes o beneficiarios sino un único beneficiario, como en este caso, la contribución de los hijos menores a sus padres no tiene que ser sustancial (*large*) : 9 Schneider —*Workmen's Compensation* 67 (3a. edición de Thomas Law Book Co. 1950) ; *Jewel* v. *Olson Construction Company*, 175 A.2d 509 (Barney) (1961), cita precisa a la pág. 511.

*Deben revocarse las anteriores resoluciones de la Comisión Industrial de Puerto Rico y devolverse el caso para una nueva vista administrativa de acuerdo con los términos de esta opinión.*